Michael A. Faillace
Michael Faillace & Associates, P.C.
60 East 42nd St., Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X

| | |
|---|---|
| ARTEMIO PEREZ BALDERAS, *individually and on behalf of others similarly situated,* | **COMPLAINT** |
| Plaintiff, | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| -against- | **ECF Case** |

BARMADON MANAGEMENT LLC (d/b/a
BARMADON MANAGEMENT), SILVERSHORE
PROPERTIES LLC (d/b/a SILVERSHORE
PROPERTIES), SILVERSHORE PROPERTIES 102
LLC (d/b/a SILVERSHORE PROPERTIES),
SILVERSHORE PROPERTIES 41 LLC (d/b/a
SILVERSHORE PROPERTIES), SILVERSHORE
PROPERTIES 70 LLC (d/b/a SILVERSHORE
PROPERTIES), SILVERSHORE MYRTLE LLC
(d/b/a SILVERSHORE PROPERTIES),
SILVERSHORE PROPERTIES 10 LLC (d/b/a
SILVERSHORE PROPERTIES), SILVERSHORE
PROPERTIES 120 LLC (d/b/a SILVERSHORE
PROPERTIES), SILVERSHORE PROPERTIES 95
LLC (d/b/a SILVERSHORE PROPERTIES),
SILVERSHORE PROPERTIES 100 LLC (d/b/a
SILVERSHORE PROPERTIES), SILVERSHORE
PROPERTIES 110 LLC (d/b/a SILVERSHORE
PROPERTIES), SILVERSHORE PROPERTIES 51
LLC (d/b/a SILVERSHORE PROPERTIES),
SILVERSHORE PROPERTIES 50 LLC (d/b/a
SILVERSHORE PROPERTIES), SILVERSHORE
PROPERTIES 42 LLC (d/b/a SILVERSHORE
PROPERTIES), SILVERSHORE PROPERTIES 83
LLC (d/b/a SILVERSHORE PROPERTIES),

1

SILVERSHORE PROPERTIES 17 LLC (d/b/a
SILVERSHORE PROPERTIES), 5416-5422 4TH
AVENUE LLC (d/b/a SILVERSHORE
PROPERTIES), SILVERSHORE PROPERTIES 77
LLC (d/b/a SILVERSHORE PROPERTIES) DAVID
SHORENSTEIN, JASON SILVERSTEIN,
JOHNATHAN COHEN, and MIKE DOE

<em>Defendants.</em>

-----------------------------------------------------------------X

Plaintiff Artemio Perez Balderas, individually and on behalf of others similarly situated

("Plaintiff Perez"), by and through his attorneys, Michael Faillace & Associates, P.C., upon

information and belief, and as against each of Defendants Barmadon Management LLC (d/b/a

Barmadon Management), Silvershore Properties LLC (d/b/a Silvershore Properties), Silvershore

Properties 102 LLC (d/b/a Silvershore Properties), Silvershore Properties 41 LLC (d/b/a

Silvershore Properties), Silvershore Properties 70 LLC (d/b/a Silvershore Properties),

Silvershore Myrtle LLC (d/b/a Silvershore Properties), Silvershore Properties 10 LLC (d/b/a

Silvershore Properties), Silvershore Properties 120 LLC (d/b/a Silvershore Properties),

Silvershore Properties 95 LLC (d/b/a Silvershore Properties), Silvershore Properties 100 LLC

(d/b/a Silvershore Properties), Silvershore Properties 110 LLC (d/b/a Silvershore Properties),

Silvershore Properties 51 LLC (d/b/a Silvershore Properties), Silvershore Properties 50 LLC

(d/b/a Silvershore Properties), Silvershore Properties 42 LLC (d/b/a Silvershore Properties),

Silvershore Properties 83 LLC (d/b/a Silvershore Properties), Silvershore Properties 17 LLC

(d/b/a Silvershore Properties), 5416-5422 4th Avenue LLC (d/b/a Silvershore Properties),

Silvershore Properties 77 LLC (d/b/a Silvershore Properties) ("Defendant Corporations"), David

Shorenstein, Jason Silverstein, Johnathan Cohen, and Mike Doe (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Perez is a former employee of Barmadon Management LLC (d/b/a Barmadon Management), Silvershore Properties LLC (d/b/a Silvershore Properties), Silvershore Properties 102 LLC (d/b/a Silvershore Properties), Silvershore Properties 41 LLC (d/b/a Silvershore Properties), Silvershore Properties 70 LLC (d/b/a Silvershore Properties), Silvershore Myrtle LLC (d/b/a Silvershore Properties), Silvershore Properties 10 LLC (d/b/a Silvershore Properties), Silvershore Properties 120 LLC (d/b/a Silvershore Properties), Silvershore Properties 95 LLC (d/b/a Silvershore Properties), Silvershore Properties 100 LLC (d/b/a Silvershore Properties), Silvershore Properties 110 LLC (d/b/a Silvershore Properties), Silvershore Properties 51 LLC (d/b/a Silvershore Properties), Silvershore Properties 50 LLC (d/b/a Silvershore Properties), Silvershore Properties 42 LLC (d/b/a Silvershore Properties), Silvershore Properties 83 LLC (d/b/a Silvershore Properties), Silvershore Properties 17 LLC (d/b/a Silvershore Properties), 5416-5422 4th Avenue LLC (d/b/a Silvershore Properties), Silvershore Properties 77 LLC (d/b/a Silvershore Properties) Defendant Corporations, and Individual Defendants David Shorenstein, Jason Silverstein, Johnathan Cohen and Mike Doe.

2.      Upon information and belief, Defendants own, operate or control residential buildings in New York City, which are located at 371 Irving Avenue, Brooklyn, New York 11237 (hereafter "the Irving Avenue location"), 43-05 Forley Avenue, Queens, New York 11373 (hereafter "the Forley Avenue location"), 1442-1452 Myrtle Avenue, Brooklyn, New York 11237 (hereafter "the Myrtle Avenue locations"), 72-14 69th Pl, Queens, New York 11385

(hereafter "the 69th Place location"), 1071 Cypress Avenue, Queens, New York 11385 (hereafter "the Cypress Avenue location"), 18-23 Bleecker Street, Queens, New York 11385 (hereafter "the Bleecker Street location"), 469 Central Avenue, Brooklyn, New York 11221 (hereafter "the Central Avenue location"), 516 47th Road, Queens, New York 11101 (hereafter "the 47th Road location), 36-05 Vernon Blvd, Queens, New York 11106 (hereafter "the Vernon Blvd location"), 32-38 48th Street, Queens, New York 11103 (hereafter "the 48th Street location"), 429 Lincoln Place, Brooklyn, New York 11238 (hereafter "the Lincoln Place location"), 20 Harrison Place, Brooklyn, New York 11206 (hereafter "the Harrison Place location"), 5416-5422 4th Avenue, Brooklyn, New York 11220 (hereafter "the 4th Avenue locations"), and 857-861 Atlantic Avenue, Brooklyn, New York 11238 (hereafter "the Atlantic Avenue locations") and operate under the names Barmadon Management LLC located at 1220 Broadway, Suite 708, New York, New York 10001 and Silvershore Properties LLC located at 38 East 29th Street, 8th Floor, New York, New York 10016.

3.    Upon information and belief, Individual Defendants David Shorenstein, Jason Silverstein, Johnathan Cohen, and Mike Doe, serve or served as owners, managers, principals and/or agents of Defendant Corporations, and through these corporate entities operate residential buildings located all over New York City, as a joint or unified enterprise.

4.    Plaintiff Perez is a former employee of Defendants.

5.    Plaintiff Perez worked as a superintendent at defendants' residential buildings.

6.    At all times relevant to this Complaint, Plaintiff Perez worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Perez the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the minimum wage of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiff Perez the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

9.     Defendants' conduct extends beyond Plaintiff Perez to all other similarly situated employees.

10.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Perez and other employees to work in excess of forty (40) hours per week without paying them the minimum wage and the overtime compensation required by federal and state law and regulations.

11.    Plaintiff Perez now brings this action on behalf of himself and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and the minimum wage, overtime, and spread-of-hours law and the associated regulations of the New York Commissioner of Labor codified at N.Y.C.R.R. Tit. 12 §§ 146-1.6) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiff Perez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION and VENUE

13.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Perez's state law claims is conferred by 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Perez was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.    Plaintiff Artemio Perez Balderas ("Plaintiff Perez" or "Mr. Perez") is an adult individual residing in Queens County, New York. Plaintiff Perez was employed by Defendants from approximately September 2012 until on or about August 17, 2017.

16.    At all relevant times to this complaint, Plaintiff Perez was employed by Defendants as a superintendent at Silvershore Properties in multiple locations around New York City.

17.    Plaintiff Perez consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

18.    Defendants own, operate, and/or control residential buildings around New York City, under the names "Barmadon Management" and "Silvershore Properties."

19.     Upon information and belief, Defendant Barmadon Management LLC (d/b/a Barmadon Management) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant Corporation maintains its central office at 1220 Broadway, Suite 708, New York, New York 10001.

20.     Upon information and belief, Defendant Silvershore Properties LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

21.     Upon information and belief, Defendant Silvershore Properties 102 LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 371 Irving Avenue, Brooklyn, New York 11237 and its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

22.     Upon information and belief, Defendant Silvershore Properties 41 LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 43-05 Forley Avenue, Queens, New York 11373 and its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

23.     Upon information and belief, Defendant Silvershore Properties 70 LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal

place of business at 1446-1448 Myrtle Avenue, Brooklyn, New York 11237 and its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

24.    Upon information and belief, Defendant Silvershore Myrtle LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1450 Myrtle Avenue, Brooklyn, New York 11237 and its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

25.    Upon information and belief, Defendant Silvershore Properties 10 LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1452 Myrtle Avenue, Brooklyn, New York 11237 and its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

26.    Upon information and belief, Defendant Silvershore Properties 120 LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 72-14 69th Pl, Queens, New York 11385 and its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

27.    Upon information and belief, Defendant Silvershore Properties 95 LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1071 Cypress Avenue, Queens, New York 11385 and its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

28.     Upon information and belief, Defendant Silvershore Properties 100 LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 18-23 Bleecker Street, Queens, New York 11385 and its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

29.     Upon information and belief, Defendant Silvershore Properties 110 LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 469 Central Avenue, Brooklyn, New York 11221 and its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

30.     Upon information and belief, Defendant Silvershore Properties 51 LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 516 47th Road, Queens, New York 11101 and its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

31.     Upon information and belief, Defendant Silvershore Properties 50 LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 36-05 Vernon Blvd, Queens, New York 11106 and its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

32.     Upon information and belief, Defendant Silvershore Properties 42 LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing

under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 32-38 48th Street, Queens, New York 11103 and its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

33.     Upon information and belief, Defendant Silvershore Properties 83 LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 429 Lincoln Place, Brooklyn, New York 11238 and its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

34.     Upon information and belief, Defendant Silvershore Properties 17 LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 20 Harrison Place, Brooklyn, New York 11206 and its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

35.     Upon information and belief, Defendant 5416-5422 4th Avenue LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 5416-5422 4th Avenue, Brooklyn, New York 11220 and its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

36.     Upon information and belief, Defendant Silvershore Properties 77 LLC (d/b/a Silvershore Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal

place of business at 857-861 Atlantic Avenue, Brooklyn, New York 11238 and its central office at 38 East 29th Street, 8th Floor, New York, New York 10016.

37.   Defendant David Shorenstein is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant David Shorenstein is sued individually and in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant David Shorenstein possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant David Shorenstein determined the wages and compensation of the employees of Defendants, including Plaintiff Perez, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

38.   Defendant Jason Silverstein is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Jason Silverstein is sued individually and in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jason Silverstein possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Jason Silverstein determined the wages and compensation of the employees of Defendants, including Plaintiff Perez, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

39.   Defendant Johnathan Cohen is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Johnathan Cohen is sued individually and in his capacity as owner, officer and/or agent of Defendant Corporations.

11

Defendant Johnathan Cohen possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Johnathan Cohen determined the wages and compensation of the employees of Defendants, including Plaintiff Perez, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

40.     Defendant Mike Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Mike Doe is sued individually and in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Mike Doe possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Mike Doe determined the wages and compensation of the employees of Defendants, including Plaintiff Perez, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

41.     Defendants operate residential buildings all around New York City.

42.     At all relevant times, Individual Defendants David Shorenstein, Jason Silverstein, Johnathan Cohen, and Mike Doe possessed operational control over Defendant Corporations, possessed an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations.

43.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

44.    At all relevant times, each Defendant possessed substantial control over Plaintiff Perez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Perez, and all similarly situated individuals, referred to herein.

45.    Defendants jointly employed Plaintiff Perez, and all similarly situated individuals, and are Plaintiff Perez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

46.    In the alternative, Defendants constitute a single employer of Plaintiff Perez and/or similarly situated individuals.

47.    Upon information and belief, individual Defendants David Shorenstein, Jason Silverstein, Johnathan Cohen, and Mike Doe operate or operated Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by, among other things:

(a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b)    defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating Defendant Corporations for their own benefit as the sole or majority shareholders;

13

(e)     operating Defendant Corporation for their own benefit and maintaining control over them as a closed corporation or closely controlled entities;

(f)     intermingling assets and debts of their own with Defendant Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

48.     At all relevant times, Defendants were Plaintiff Perez's employers within the meaning of the FLSA and NYLL.

49.     Defendants had the power to hire and fire Plaintiff Perez, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Perez's services.

50.     In each year from 2012 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

51.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the residential buildings on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

52.     Plaintiff Perez is a former employee of Defendants primarily employed as superintendent of multiple residential buildings.

53.     Plaintiff Perez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Artemio Perez Balderas*

54.     Plaintiff Perez was employed by Defendants from approximately September 2012 until on or about August 17, 2017.

55.      At all relevant times, Plaintiff Perez was employed by Defendants as a superintendent of multiple residential buildings.

56.     Plaintiff Perez regularly handled goods in interstate commerce that were produced outside of the State of New York, such as brooms, mops, and cleaning supplies as part of his superintendent duties.

57.      Plaintiff Perez's work duties required neither discretion nor independent judgment.

58.     Throughout his employment with Defendants, Plaintiff Perez regularly worked in excess of 40 hours per week.

59.     From approximately September 2012 until on or about September 2013, Plaintiff Perez worked at the Forley Avenue, 47th Road, Vernon Blvd, and the 48th Street locations from approximately 7:00 a.m. until on or about 6:00 p.m. Mondays through Fridays and from approximately 9:00 a.m. until on or about 3:00 p.m. to 4:00 p.m. Saturdays (typically 61 to 62 hours per week).

60.     From approximately September 2013 until on or about September 2015, Plaintiff Perez worked at the Forley Avenue, 47th Road, Vernon Blvd, 48th Street, Lincoln Place, and the Harrison Place locations from approximately 8:00 a.m. until on or about 6:00 p.m. to 7:00 p.m. Mondays through Saturdays (typically 60 to 66 hours per week).

15

61.    From  approximately September 2015 until on or about November 2015, Plaintiff Perez worked at the Forley Avenue, 47th Road, Vernon Blvd, 48th Street, Lincoln Place, 4th Avenue, and the Atlantic Avenue locations from approximately 8:00 a.m. until on or about 6:00 p.m. Mondays through Fridays and approximately three to four hours on Saturdays (typically 53 to 54 hours per week).

62.    From approximately November 2015 until on or about February 2016, Plaintiff Perez worked at the Forley Avenue, 47th Road, Vernon Blvd, 48th Street, Lincoln Place, Bleecker Street, Cypress Avenue, 4th Avenue, and the Atlantic Avenue locations from approximately 8:00 a.m. until on or about 6:00 p.m. Mondays through Fridays and approximately three to four hours on Saturdays (typically 53 to 54 hours per week).

63.    From approximately February 2016 until on or about August 2017, Plaintiff Perez worked at all locations from approximately 9:00 a.m. until on or about 6:00 p.m. Mondays through Fridays, approximately three to four hours on Saturdays, and from approximately 2:00 p.m. until on or about 4:00 p.m. to 5:00 p.m. on Sundays (typically 50 to 52 hours per week).

64.    Throughout his employment with Defendants, Plaintiff Perez was paid his wages by check.

65.    From approximately September 2012 until on or about September 2013, Plaintiff Perez was paid a fixed salary of $1,625 per month plus compensation for repair jobs he conducted in the buildings.

66.    From approximately September 2013 until on or about September 2015, Plaintiff Perez was paid a fixed salary of $1,055 per month plus compensation for repair jobs he conducted in the buildings.

67.     From approximately September 2015 until on or about November 2015, Plaintiff Perez was paid a fixed salary of $1,825 per month plus compensation for repair jobs he conducted in the buildings.

68.     From approximately November 2015 until on or about February 2016, Plaintiff Perez was paid a fixed salary of $2,025 per month plus compensation for repair jobs he conducted in the buildings.

69.     From approximately February 2016 until on or about December 2016, Plaintiff Perez was paid a fixed salary of $2,425 per month plus compensation for repair jobs he conducted in the buildings.

70.     From approximately January 2017 until on or about August 17, 2017, Plaintiff Perez was paid a fixed salary of $2,925 per month plus compensation for repair jobs he conducted in the buildings.

71.     However, Plaintiff Perez was not compensated in the amount of $1,200 for his last few weeks of his employment.

72.     Plaintiff Perez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

73.     For example, Defendants required Plaintiff Perez to work an additional one hour beyond what he was scheduled from Mondays to Fridays and did not compensate him for the additional time he worked.

74.     Plaintiff Perez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

75.     Defendants never granted Plaintiff Perez with break periods of any kind.

76.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Perez regarding wages as required under the FLSA and NYLL.

77.     Defendants did not give any notice to Plaintiff Perez, in English and in Spanish (Plaintiff Perez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

78.     Defendants required Plaintiff Perez to purchase "tools of the trade" with his own funds—including a tools such as saws and drills and other repair materials.

*Defendants' General Employment Practices*

79.     Defendants regularly required Plaintiff Perez to work in excess of forty (40) hours per week without paying him the proper minimum wage, spread of hours pay  and overtime compensation.

80.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Perez and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage or overtime compensation, as required by federal and state laws.

81.     Plaintiff Perez was paid monthly at the same flat rate of pay regardless of the actual hours worked.

82.     Defendants' pay practices resulted in Plaintiff Perez not receiving payment for all his hours worked, resulting in Plaintiff Perez's effective rate of pay falling below the required minimum wage rate.

83.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

84.    Defendants did not post required wage and hour posters in the residential buildings.

85.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Perez (and similarly situated individuals) worked, and to avoid paying Plaintiff Perez properly for his full hours worked and for overtime wages due.

86.    Plaintiff Perez was a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by *inter alia*, not paying him the wages he was owed for the hours he had worked.

87.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Perez by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

88.    Defendants failed to provide Plaintiff Perez and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or

rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

89.    Defendants failed to provide Plaintiff Perez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

90.    Plaintiff Perez brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

91.    At all relevant times, Plaintiff Perez  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular

rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking

improper wage deductions and other improper credits against Plaintiff Perez's wages for which

Defendants did not qualify under the FLSA, and willfully failing to keep records required by the

FLSA.

92.    The claims of Plaintiff Perez stated herein are similar to those of the other

employees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

93.    Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth

herein.

94.    At all times relevant to this action, Defendants were Plaintiff Perez's employers

(and employers of the putative FLSA Class members) within the meaning of the Fair Labor

Standards Act, 29 U.S.C. § 203(d).

95.    Defendants had the power to hire and fire Plaintiff Perez (and the FLSA class

members), controlled the terms and conditions of employment, and determined the rate and

method of any compensation in exchange for their employment.

96.    At all times relevant to this action, Defendants were engaged in commerce or in

an industry or activity affecting commerce.

97.    Defendants constitute an enterprise within the meaning of the Fair Labor

Standards Act, 29 U.S.C. § 203(r-s).

98.    Defendants failed to pay Plaintiff Perez (and the FLSA Class members) at the

applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

99.    Defendants' failure to pay Plaintiff Perez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

100.    Plaintiff Perez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

101.     Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

102.    Defendants, in violation of the FLSA, failed to pay Plaintiff Perez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

103.    Defendants' failure to pay Plaintiff Perez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

104.     Plaintiff Perez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE LAW

105.    Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

106.    At all times relevant to this action, Defendants were Plaintiff Perez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and

fire Plaintiff Perez (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

107.    Defendants, in violation of the NYLL, paid Plaintiff Perez (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

108.    Defendants' failure to pay Plaintiff Perez (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

109.    Plaintiff Perez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

<u>FOURTH CAUSE OF ACTION</u>
**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW**

110.    Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

111.    Defendants, in violation of N.Y. Lab. Law § 1§190 and 650 et seq., and "overtime wage order" codified at N.Y.C.R.R. Tit. 12 § 142-2.2, *et seq*. and supporting regulations, failed to pay Plaintiff Perez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

112.    Defendants' failure to pay Plaintiff Perez (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

113.    Plaintiff Perez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR**

114.    Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

115.    Defendants failed to pay Plaintiff Perez (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Perez's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6.

116.    Defendants' failure to pay Plaintiff Perez (and the FLSA Class members) an additional hour's pay for each day Plaintiff Perez's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

117.    Plaintiff Perez (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

118.    Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

119.    Defendants failed to provide Plaintiff Perez with a written notice, in English and in Spanish (Plaintiff Perez's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

120.    Defendants are liable to Plaintiff Perez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

121.    Plaintiff Perez repeats and realleges all paragraphs above as though set forth fully herein.

122.    Defendants did not provide Plaintiff Perez with wage statements upon each payment of wages, as required by NYLL 195(3).

123.    Defendants are liable to Plaintiff Perez in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

124.    Plaintiff Perez repeats and realleges all paragraphs above as though set forth fully herein.

125.    Defendants required Plaintiff Perez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as work tools, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

126.    Plaintiff Perez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Perez respectfully request that this Court enter judgment against Defendants:

25

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Perez and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Perez and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Perez's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Perez and the FLSA class members;

(f)    Awarding Plaintiff Perez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Perez and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Perez and the FLSA Class members;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Perez and the FLSA Class members;

(j)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Perez and the FLSA Class members;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Perez's (and the FLSA Class members') compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Perez and the FLSA Class members;

(m)    Declaring that Defendants violated section 191 of the New York Labor Law;

(n)    Awarding Plaintiff Perez and the FLSA Class members damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(o)    Awarding Plaintiff Perez and the FLSA Class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiff Perez and the FLSA Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL §s 193 and 198(3);

27

(q)    Awarding Plaintiff Perez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiff Perez and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Perez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
        September 29, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ *Michael Faillace*_____
By:    Michael A. Faillace
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 26, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          **Artemio Perez-Balderas**

Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

26 de septiembre de 2017

Date / Fecha:

*Certified as a minority-owned business in the State of New York*