**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ARTEMIO PEREZ BALDERAS, individually and
on behalf of others similarly situated,

                 Plaintiff,

    -against-

BARMADON MANAGEMENT LLC (d/b/a
BARMADON MANAGEMENT),
SILVERSHORE PROPERTIES LLC (d/b/a
SILVERSHORE PROPERTIES), SILVERSHORE
PROPERTIES 102 (d/b/a SILVERSHORE
PROPERTIES), SILVERSHORE PROPERTIES
41 LLC (d/b/a SILVERSHORE PROPERTIES),
SILVERSHORE PROPERTIES 70 LLC (d/b/a
SILVERSHORE PROPERTIES), SILVERSHORE
MYRTLE LLC (d/b/a SILVERSHORE
PROPERTIES), SILVERSHORE PROPERTIES
10 LLC (d/b/a SILVERSHORE PROPERTIES),
SILVERSHORE PROPERTIES 120 LLC (d/b/a
SILVERSHORE PROPERTIES), SILVERSHORE
PROPERTIES 95 LLC (d/b/a SILVERSHORE
PROPERTIES), SILVERSHORE PROPERTIES
100 LLC (d/b/a SILVERSHORE PROPERTIES),
SILVERSHORE PROPERTIES 110 LLC (d/b/a
SILVERSHORE PROPERTIES), SILVERSHORE
PROPERTIES 51 LLC (d/b/a SILVERSHORE
PROPERTIES), SILVERSHORE PROPERTIES
50 LLC (d/b/a SILVERSHORE PROPERTIES),
SILVERSHORE PROPERTIES 42 LLC (d/b/a
SILVERSHORE PROPERTIES), SILVERSHORE
PROPERTIES 83 LLC (d/b/a SILVERSHORE
PROPERTIES), SILVERSHORE PROPERTIES 17
LLC (d/b/a SILVERSHORE PROPERTIES),
5416-5422 4th AVENUE LLC (d/b/a
SILVERSHORE PROPERTIES), SILVERSHORE
PROPERTIES 77 LLC (d/b/a SILVERSHORE
PROPERTIES), DAVID SHORENSTEIN,
JASON SILVERSTEN, JOHNATHAN COHEN,
and MIKE DOE,

                 Defendants.

---

No. 17-cv-7489 (GHW)

DEFENDANTS' MEMORANDUM
OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND
MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1)

February 18, 2019

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES............................................................................................. ii

I.     PRELIMINARY STATEMENT................................................................................ 1

II.    STATEMENT OF FACTS....................................................................................... 2

III.   ARGUMENT............................................................................................................ 4

       A.     Plaintiff Cannot Marshal Evidence to Carry His Burden of Proving
              FLSA Coverage of Defendants............................................................... 4

              1.     Plaintiff Cannot Marshal Evidence to Establish Enterprise
                       Coverage........................................................................... 4

              2.     Plaintiff Cannot Marshal Evidence to Establish Individual
                       Coverage........................................................................... 5

              3.     The Court Should Decline to Exercise Supplemental Jurisdiction............. 6

       B.     No Genuine Issue of Material Fact Exists as to Whether Plaintiff Was an
              Independent Contractor or Employee of Defendants.............................. 7

               1.     Plaintiff Was an Independent Contractor pursuant to the FLSA................ 7

              2.     Plaintiff Was an Independent Contractor pursuant to the NYLL............... 8

IV.   CONCLUSION........................................................................................................ 10

## **TABLE OF AUTHORITIES**

<u>Cases</u>

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)......................................................................................................... 4

*Brock v. Superior Care, Inc.*,
    840 F.2d 1054 (2d Cir. 1988)........................................................................................ 7

*Byong v. Cipriani Group, Inc.*,
    1 N.Y.3d 193 (2003).......................................................................................................... 8

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)......................................................................................................... 4

*Jacobs v. New York Foundling Hosp.*,
    577 F.3d 93 (2d Cir. 2009)........................................................................................ 4, 5

*Jeffreys v. City of New York*,
    426 F.3d 549 (2d Cir. 2005)........................................................................................ 4

*Kolari v. New York-Presbyterian Hosp.*,
    455 F.3d 118 (2d Cir. 2006)........................................................................................ 6

*Saleem v. Corporate Transp. Grp., Ltd.*,
    854 F.3d 131 (2d Cir. 2017)........................................................................................ 7

*Valencia ex rel. Franco v. Lee*,
    316 F.3d 299 (2d Cir. 2003)........................................................................................ 6

<u>Statutes, Rules, and Regulations</u>

28 U.S.C. 1367(c)(3)......................................................................................................... 6

29 U.S.C. § 203(s)(1)(A)................................................................................................. 5

29 U.S.C. § 207(a)(1)....................................................................................................... 4

Fed. R. Civ. Pro. 56(a)..................................................................................................... 4

29 C.F.R. § 779.103.......................................................................................................... 5

Defendants BARMADON MANAGEMENT LLC, SILVERSHORE PROPERTIES

LLC, SILVERSHORE PROPERTIES 102, SILVERSHORE PROPERTIES 41 LLC,

SILVERSHORE PROPERTIES, SILVERSHORE MYRTLE LLC, SILVERSHORE

PROPERTIES 10 LLC, SILVERSHORE PROPERTIES 120 LLC, SILVERSHORE

PROPERTIES 95 LLC, SILVERSHORE PROPERTIES 100 LLC, SILVERSHORE

PROPERTIES 110 LLC, SILVERSHORE PROPERTIES 51 LLC, SILVERSHORE

PROPERTIES 50 LLC, SILVERSHORE PROPERTIES 42 LLC, SILVERSHORE

PROPERTIES 83 LLC, SILVERSHORE PROPERTIES 17 LLC, 5416-5422 4th AVENUE

LLC, SILVERSHORE PROPERTIES 77 LLC, DAVID SHORENSTEIN, JASON

SILVERSTEN, JOHNATHAN COHEN, and MIKE DOE, (collectively referred to as

"Defendants"), by and through their attorneys, Levine & Blit, PLLC, hereby respectfully submit

this Memorandum of Law in Support of Defendants' Motion for Summary Judgment pursuant to

Rule 56 and Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule

12(b)(1).

## I.   **PRELIMINARY STATEMENT**

Plaintiff Artemio Perez Balderas ("Plaintiff") commenced the instant civil action

pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL")

asserting causes of action for unpaid minimum wages and overtime wages, among other claims,

arising out of janitorial and repair work performed in residential apartment buildings.

Defendants respectfully request that the Court grant summary judgment to Defendants on the

issue of whether Plaintiff can establish FLSA coverage, and then dismiss the remaining NYLL

claims for lack of subject matter jurisdiction.  Plaintiff has not and cannot marshal any evidence

to establish a genuine issue of material fact demonstrating enterprise coverage or individual

coverage pursuant to the FLSA, which is an essential element of any FLSA cause of action. Without a FLSA cause of action providing federal question subject matter jurisdiction, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining NYLL causes of action and dismiss those claims.

Alternatively, the Defendants respectfully request that the Court award summary judgment to Defendants because Plaintiff was an independent contractor of Defendants as a matter of law and no genuine issue of material fact exists to the contrary. Plaintiff was in business for himself providing janitorial and repair services. Plaintiff set his own schedule, performed the work when he wanted and how he wanted, hired his own employees, controlled the work of his own employees, paid his own employees, and fired his own employee. Further, the documentary evidence shows that the parties intended the relationship to be that of independent contractor, as Plaintiff set the pricing for repairs performed and submitted invoices to request payment, which he received by check without taxes being withheld. Simply put, the admissible evidence demonstrates that the economic reality of the relationship between Plaintiff and Defendants was that of an independent contractor operating his own business; not an employer-employee relationship. Therefore, summary judgment in favor of Defendants is appropriate.

## II.   **STATEMENT OF FACTS**

Plaintiff has alleged that he was an employee of Defendants (jointly) from about September 2012 through August 17, 2017 as a superintendent of their residential buildings in New York City. Defendants' Statement of Material Fact ("SMF"), ¶ 1. Defendants deny that Plaintiff was their employee. SMF, ¶ 2. Defendants considered Plaintiff an independent contractor because he was doing business for himself. SMF, ¶ 3.

Plaintiff was paid through an invoice system whereby Plaintiff would submit invoices on a monthly basis for janitorial and repair work performed. SMF, ¶ 4. Barmadon Management LLC ("Barmadon") and Plaintiff had an agreement on the monthly compensation to be paid for janitorial work. SMF, ¶ 5. Plaintiff set the price for the repair work he performed, which varied. SMF, ¶ 6. Plaintiff was not provided a rent-free apartment by Barmadon and did not reside at any property owned or managed by any of the Defendants. SMF, ¶ 8. Defendants did not pay any fringe benefits to Plaintiff. SMF, ¶ 11. Plaintiff was not on Defendants' payroll and Defendants did not make any withholdings from Plaintiff's compensation. SMF, ¶ 12.

Plaintiff was not directed on when or how to perform the janitorial work or repair work performed for Barmadon, nor did Barmadon provide the tools or equipment needed to perform such work. SMF, ¶ 7. Defendants could not and did not restrict Plaintiff's ability to obtain work from others. SMF, ¶ 9. Plaintiff set his own hours and determined when and how he would perform work. SMF, ¶ 10.

Maria Salome Tenecela ("Ms. Tenecela") was hired to clean residential buildings by Plaintiff. SMF, ¶ 13. Ms. Tenecela worked for Plaintiff for about ten (10) years. SMF, ¶ 14. Plaintiff directed and controlled Ms. Tenecela terms and conditions of employment. SMF, ¶ 19. Plaintiff provided the necessary equipment and supplies to Ms. Tenecela for her to do work. SMF, ¶ 20. Plaintiff paid Ms. Tenecela directly for her labor. SMF, ¶ 21.

Ms. Tenecela never spoke to any representative of Defendants. SMF, ¶ 16. Defendants never directed Ms. Tenecela in the performance of her work. SMF, ¶ 17. Defendants did not know that Ms. Tenecela was performing work on their behalf. SMF, ¶ 18.

In about 2016, Plaintiff hired another worker, named Lucia, to assist him. SMF, ¶ 22. Ms. Tenecela's employment was terminated by Plaintiff on February 6, 2017. SMF, ¶ 15.

3

III.   **ARGUMENT**

A.   **Plaintiff Cannot Marshal Evidence to Carry His Burden of Proving FLSA Coverage of Defendants**

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is 'material' if it "might affect the outcome of the suit under the governing law" and it is a genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must "set out specific facts showing a genuine issue for trial...." *Anderson*, 477 U.S. at 248.

"The FLSA requires that employers pay a premium or overtime wage of 'not less than one and one-half times the regular rate' for hours worked in excess of forty hours in a single work-week if an employee either: 1) 'is engaged in commerce or in the production of goods for commerce', or 2) 'is employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Jacobs v. New York Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009) (quoting 29 U.S.C. § 207(a)(1)). "The two categories are commonly referred to as 'individual' or 'enterprise' coverage, respectively." *Jacobs*, 577 F.3d at 96.

1.   **Plaintiff Cannot Marshal Evidence to Establish Enterprise Coverage**

"'Enterprise engaged in commerce or in the production of goods for commerce' means an enterprise that (i) has employees engaged in commerce or in the production of goods for

4

commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000...." 29 U.S.C. § 203(s)(1)(A).  In his Complaint, Plaintiff alleges that Defendants "individually and jointly, had gross annual volume of sales of not less than $500,000" and "were directly engaged in interstate commerce.  Clark Decl., Exhibit 1, ¶¶ 50-51.  Now, after the close of discovery, Plaintiff do not have any evidence and cannot submit any evidence in admissible form to establish that Defendants, individually or jointly, satisfied the definition of 'enterprise engaged in commerce or in the production of goods for commerce'; to wit, employees handling goods that have moved in or were produced for commerce, and an annual gross volume of sales not less than $500,000.  As such, there is no genuine issue of material fact to establish that Defendants were subject to enterprise coverage under the FLSA as a matter of law.  Because Plaintiff cannot carry his burden of proof as to an essential element of his FLSA claims, summary judgment on the FLSA claims should be granted to Defendants on Plaintiff's FLSA causes of action.

### 2.     Plaintiff Cannot Marshal Evidence to Establish Individual Coverage

An individual is engaged in commerce "when they are performing work involving or related to the movement of persons or things" between states. 29 C.F.R. § 779.103.  Here, Plaintiff did not allege in his Complaint that he is subject to individual coverage pursuant to the FLSA; therefore, this theory of liability should not be considered by the Court.  However, even if Plaintiff alleged individual coverage, his work performing janitorial and repair duties within New York City does not involve or relate to the movement or persons or things between the states.  *See Jacobs*, 577 F.3d at 96.  As such, there is no genuine issue of material fact to establish that Plaintiff was subject to individual coverage under the FLSA as a matter of law.

5

Plaintiff has failed to carry his burden at summary judgment. Thus, summary judgment on the FLSA claims should be granted to Defendants on Plaintiff's FLSA causes of action.

### 3.    The Court Should Decline to Exercise Supplemental Jurisdiction

A court may decline to exercise supplemental jurisdiction where the "court has dismissed all claims over which is has original jurisdiction." 28 U.S.C. 1367(c)(3). In deciding whether to exercise supplemental jurisdiction in such a case, the court "balances the traditional values of judicial economy, convenience, fairness, and comity." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors...will point toward declining to exercise jurisdiction over the remaining state law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). Here, Plaintiff's NYLL claims should be dismissed because doing so would promote the values identified in *Kolari*. Judicial economy will be promoted because dismissal will avoid a trial on NYLL claims at a time when substantial judicial resources have not been expended towards a final decision on those claims. Likewise, convenience and fairness will be promoted because the parties, all residents of the State of New York, will be able to have a New York court apply New York Law in determining the final outcome. Moreover, comity will be promoted as the remaining claims concern only New York law, which, in this instance, should be decided by a New York court. Lastly, this case does not present any extraordinary facts or circumstances where exercise of supplemental jurisdiction after dismissal of the original jurisdiction claims would be appropriate. For these reasons, Defendants respectfully request that this Court decline to exercise supplemental jurisdiction over Plaintiff's NYLL claims, and dismiss those claims pursuant to Rule 12(b)(1).

**B.** **No Genuine Issue of Material Fact Exists as to Whether Plaintiff Was an Independent Contractor or Employee of Defendants**

        **1.**       **Plaintiff Was an Independent Contractor pursuant to the FLSA**

When evaluating whether a plaintiff is an independent contractor or employee, the Second Circuit Court of Appeals "has focused on 'the totality of the circumstances' in addressing our 'ultimate concern...whether, as a matter of economic reality, the workers depend upon someone else's business for the opportunity to render service or are in business for themselves.'" *Saleem v. Corporate Transp. Grp., Ltd.*, 854 F.3d 131, 139 (2d Cir. 2017) (quoting *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988)). The courts in the Second Circuit examine five factors to aid in the analysis: "(1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business." *Id.* at 140 n. 19.

In the instant action, Defendants exercised no or extremely limited control over Plaintiff's work, as Plaintiff set his own hours, determined how and when to perform the work, and made use of his own tools and equipment. SMF, ¶¶ 7, 9-10. Second, Plaintiff had an opportunity for profit or loss in his business as evidenced by Plaintiff setting his own rates for repair work, hiring employees to assist him, and he was free to engage other businesses for work. SMF, ¶¶ 6, 9, 13, 22. Third, the repair work, for which Plaintiff set his own pricing, required skill, tools, and independent initiative to learn and apply to his labor. SMF, ¶¶ 6-7. Fourth, although the relationship last years, the amount of work required varied month to month with the number of repairs Defendants gave to Plaintiff to perform. SMF, ¶ 6; *see* Declaration of Jonathan Cohen, Exhibit 1 (varying amounts of invoices paid to Plaintiff). Last, Plaintiff's work

was not an integral part of Defendants' business because Defendants were in the business of owning and managing property, not repairing or cleaning property.  SMF, ¶¶ 4-5.

Further, Plaintiff was compensated like an independent contractor.  SMF, ¶¶ 4-6.  If an employee was hired to perform similar duties as Plaintiff, the employee would not be entitled to receive additional compensation set at rate elected by the employee, as Plaintiff was able to do.  Moreover, Plaintiff was in business for himself because he hired, directed, paid, and fired his own employees without the knowledge of Defendants.  SMF, ¶¶ 13-22.  An employee cannot hire others on behalf of his employer without authorization, which Plaintiff clearly did not have in this case because Defendants did not know that Plaintiff hired Ms. Tenecela.  For these reasons, an examination of the all the undisputed facts demonstrates that the economic reality of the relationship between Plaintiff and Defendants was that of an independent contractor as a matter of law.  Thus, Plaintiff's claims under the FLSA should be dismissed in their entirety.

## 2.    Plaintiff Was an Independent Contractor pursuant to the NYLL

"[T]he critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results." *Byong v. Cipriani Group, Inc.*, 1 N.Y.3d 193, 198 (2003).  "Factors relevant to assessing control include whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule." *Id.*

First, Plaintiff set his own hours, determined how and when to perform the work, and made use of his own tools and equipment.  SMF, ¶¶ 7, 9-10.  Second, Plaintiff was free to engage in other employment.  SMF, ¶ 9.  Third, Plaintiff did not receive any fringe benefits from Defendants, including a rent-free apartment that is typically provided in an employer-employee

8

arrangement. SMF, ¶¶ 8, 11. Fourth, Plaintiff was not on Defendants' payroll. SMF, ¶¶ 4-6, 12. Lastly, Plaintiff was not on a fixed schedule because he set his own hours and determined when and how he would perform work. SMF, ¶ 10.

For the reasons stated herein and in subparagraph B(1) above, Defendants' exercised no or extremely little control over Plaintiff's results produced or means to achieve the results. Rather, Plaintiff was in business for himself and exercised control over his own employees to produce the results he desired and directed their means of achieving such results. As such, an examination of the all the undisputed facts demonstrates that Plaintiff was an independent contractor for Defendants as a matter of law. Thus, Plaintiff's claims under the NYLL should be dismissed in their entirety.

IV.   **CONCLUSION**

For the reasons stated herein, Defendants respectfully request that the Court grant summary judgment to Defendants on the issue of whether Plaintiff can establish FLSA coverage, and then dismiss the remaining NYLL claims for lack of subject matter jurisdiction.  In the alternative, Defendants respectfully request that the Court award summary judgment to Defendants because Plaintiff was an independent contractor of Defendants as a matter of law and no genuine issue of material fact exists to the contrary.

Respectfully submitted,

Dated: February 18, 2019                    LEVINE & BLIT, PLLC

Matthew J. Blit, Esq.
Justin S. Clark, Esq.
350 Fifth Avenue, Suite 4020
New York, NY 10118
Tel. (212) 967-3000
mblit@levineblit.com
jclark@levineblit.com
*Attorneys for Defendants*

10