```
                                                          USDC SDNY
                                                          DOCUMENT
                                                          ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                              DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                             DATE FILED: 3/19/2019
-----------------------------------------------------------------X
ARTEMIO PEREZ BALDERAS, *individually and*  :
 *on behalf of others similarly situated*,  :
                                            :
                              Plaintiff,    :             1:17-cv-7489-GHW
                                            :
            -v -                            :             MEMORANDUM OPINION
                                            :                 AND ORDER
BARMADON MANAGEMENT LLC, *et al.*,          :
                                            :
                              Defendants.   :
-----------------------------------------------------------------X
```

GREGORY H. WOODS, United States District Judge:

## I.   INTRODUCTION

Artemio Perez Balderas filed this case against Barmadon Management LLC, eighteen other companies, and four individuals (collectively, "Defendants"), on September 30, 2017, alleging that they were his joint employers and that they had failed to pay him properly under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and comparable state law.  Complaint ("Compl."), Dkt. No. 1.  Following the completion of discovery in this case, on February 18, 2019, Defendants filed a motion for summary judgment, a statement of undisputed facts as required by Local Rule 56.1, and affidavits and other supporting evidence.  *See* Dkt. Nos. 101-105.  Pursuant to the Court's January 30, 2019 order establishing the briefing schedule for Defendants' motion for summary judgment, Dkt. No. 98, Plaintiff's opposition papers were due no later than four weeks after the date of service of Defendants' motion, or March 18, 2019.  Plaintiff has failed to file a timely opposition.

Instead, Plaintiff has disclaimed any intent to oppose the motion for summary judgment. On March 13, 2019, counsel for Plaintiff filed a letter with the Court requesting that the case be

dismissed without prejudice. Dkt. No. 107. In the letter, counsel for Plaintiff explained that Plaintiff had failed to communicate with his counsel. Significantly, according to the letter, "in or around the middle/end of February, Plaintiff came to counsels' office and was advised that Defendants will file a motion and he (Plaintiff) will have to respond to phone calls. Thereafter, Plaintiff has again been unresponsive." *Id.* Thus, Plaintiff was aware of the pending motion, his obligation to respond, and the need for his active involvement in the case. Yet, by refusing contact with his counsel, he appears to have decided not to participate in the litigation.

The Court held a telephone conference with counsel for all parties on March 14, 2019 to discuss Plaintiff's request to dismiss the case without prejudice. During the conference, Defendants objected to the request. Given that Defendants had both answered and filed a motion for summary judgment, Plaintiff did not have the authority to unilaterally dismiss the case pursuant to F.R.C.P. 41(a)(1)(A)(i). As a result, the Court denied Plaintiff's request to dismiss the case without prejudice. Dkt. No. 108. During the conference, counsel for Plaintiff asserted that Plaintiff did not intend to oppose the pending motion. The Court informed the parties that it would promptly decide the motion in the event that no opposition was timely filed.

Having received no response from Plaintiff as of the date of this opinion and order, the Court treats Defendants' motion as unopposed and all statements of fact in Defendants' Rule 56.1 submission as admitted. For the reasons outlined below, the Court grants Defendants' motion for summary judgment as to Plaintiff's FLSA claims, and declines to exercise supplemental jurisdiction over any state law claims.

## II. BACKGROUND

According to the complaint, Plaintiff "worked as a superintendent at [D]efendants' residential buildings." Compl. ¶ 5. Plaintiff alleged that he was Defendants' employee from

approximately September 2012 until August 2017, and that during that period Defendants violated the FLSA by, among other things, failing to pay him the applicable minimum wage and overtime, and "spread of hours" pay for days in which he had to work over 10 hours. *Id.* ¶¶ 6-8, 15.

Defendants have presented substantial, unrebutted evidence to establish that Plaintiff was not their employee, but, rather an independent contractor. *See generally* Defendants' Statement of Undisputed Facts, Dkt. No. 104. However, the Court need not decide whether the undisputed facts establish that Plaintiff was an independent contractor in order to decide this motion. It turns on a more basic fact—or, rather, absence of facts: Plaintiff has presented no evidence that supports a conclusion that he is a covered employee under the FLSA.

### III. LEGAL STANDARD

A defendant is entitled to summary judgment on a claim if it can show that "there is no genuine dispute as to any material fact and that [defendant is] entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). Because Plaintiff, as the non-moving party, has the "burden of proof at trial" on his claim, Defendants' ability to satisfy this standard as to any "essential element" of that claim "necessarily renders all other facts immaterial," *Celotex Corp. v. Catrett*, 477 U.S. at 322–23, and entitles Defendants to summary judgment.

This standard imposes the initial burden on Defendants to show the absence of a "genuine" dispute over facts relevant to the Plaintiff's claim, or any element thereof, which would allow a "reasonable jury" to "return a verdict for" Plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). "Where, as here, [Plaintiff] bears the burden of proof at trial, [Defendants] may show prima facie entitlement to summary judgment in *one of two ways*: (1) [Defendants] may point to evidence that negates [Plaintiff's] claim[ ] or (2) [Defendants] may identify those portions of [Plaintiff's]

evidence that demonstrate the absence of a genuine issue of material fact[.]"  *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006) (emphasis added); *see also Celotex*, 477 U.S. at 323, 325(holding that there is "no express or implied requirement" that Defendants "negat[e] [Plaintiff's] claim" with evidence of their own, as long as they "point [ ] out to the district court . . . that there is an absence of evidence to support [Plaintiff's] case") (emphasis omitted).

If Defendants meet their burden, Plaintiff must "go beyond the pleadings and . . . designate 'specific facts showing that there *is* a genuine issue for trial.'"  *Celotex*, 477 U.S. at 324(quoting Fed. R. Civ. P. 56(e)) (emphasis added).  To this end, Plaintiff may not merely argue that "the jury might, and legally could, disbelieve the defendant [ ]," without offering "concrete evidence from which a reasonable juror could return a verdict in [Plaintiff's] favor."  *Anderson*, 477 U.S. at 256; *see also Crawford–El v. Britton*, 523 U.S. 574, 600 (1998) (same).  "[W]here, notwithstanding issues of credibility [with respect to the defendants' evidence in support of summary judgment], [the plaintiff] has presented no evidence or inferences that would allow a reasonable mind to rule in [his] favor[,] . . . it may be said that the record as a whole points in one direction and the dispute is not genuine."  *Schoonejongen v. Curtiss–Wright Corp.*, 143 F.3d 120, 130 (3d Cir. 1998) (quotations omitted).

## IV. FLSA CLAIMS

Defendants claim that there is no genuine factual dispute with respect to whether Plaintiff was a covered employee for purposes of his FLSA claim.  Defendants' Memorandum of Law ("Defs. Mem."), Dkt. No. 105, at 4–6.  Upon reviewing all of the available evidence, the Court agrees.

Employee coverage is an element of Plaintiff's FLSA claim.  *See Owusu v. Corona Tire Shop, Inc.*, No. 09-CV-3744, 2013 WL 1680861, at *3 (E.D.N.Y. Apr. 17, 2013) ("[T]he employee bears the burden of establishing his individual coverage [under the FLSA]."); *Benitez v. F & V Car Wash, Inc.*,

4

No. 11-CV-1857, 2012 WL 1414879, at *1 (E.D.N.Y. Apr. 24, 2012) (concluding that employee coverage—in that case, based on the defendant employer's status as an "enterprise under the FLSA"—is an "element that a plaintiff must establish in order to prove liability") (collecting cases); *cf. Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006) (considering the "15–employee threshold" for Title VII claims) ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."). A plaintiff is covered by the FLSA, and thus entitled to minimum wage and overtime for his efforts, where he is (i) "engaged in commerce or in the production of goods for commerce" ("individual coverage"), or (ii) "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"). U.S.C. §§ 206(a), 207(a)(1); *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n. 8 (1985); *see also Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96–97 (2d Cir. 2009) (per curiam) (same). Therefore, the failure of Plaintiff to demonstrate an issue for trial involving employee coverage, based on either the enterprise or individual theory, is a proper basis for dismissing his FLSA claim on summary judgment. *Celotex*, 477 U.S. at 322–23.

    a. *Enterprise Coverage*

To prove that he is the employee of an "enterprise engaged in commerce or in the production of goods for commerce," Plaintiff must establish that his employer is an "enterprise" (i) which "has employees engaged in commerce or in the production of goods for commerce, or . . . employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (ii) "whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(A)(ii); *see also Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 528 (S.D.N.Y. 1998) (explaining the "requirement that the enterprise be engaged in commerce or in the

production of goods for commerce") (internal quotation marks omitted). Upon satisfying the second prong by showing that the enterprise does the "requisite dollar volume of business," i.e., $500,000 every year, the plaintiff is "virtually" guaranteed to satisfy the first prong, which, unlike the requirement for individual coverage, does not demand that he "himself . . . be involved in an activity which affects interstate commerce." *Archie*, 997 F. Supp. at 528, 530 (quotations omitted).

Here Defendants have pointed out to the Court that "there is an absence of evidence to support [Plaintiff's] case." *Celotex*, 477 U.S. at 323, 325. Defendants argue that "after the close of discovery, Plaintiff [does] not have any evidence and cannot submit any evidence in admissible form to establish that Defendants, individually or jointly, satisfied the definition of [an] 'enterprise engaged in commerce or in the production of goods for commerce' . . . ." Defs. Mem. at 5. And rather than attempting to present evidence to support his claim, Plaintiff has decided not to participate in this litigation. As a result, the Court can find no evidence of an issue for trial relating to enterprise coverage.

      b. *Individual Coverage*

For purposes of individual coverage, Plaintiff is an employee (i) "engaged in the production of goods for commerce," when he "handl[es] or otherwise work[s] on goods intended for shipment out of the State, directly or indirectly"; or (ii) otherwise "engaged in commerce," when he "perform[s] work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. §§ 779.103, 779.104. The latter requires that the plaintiff work "in the channels" of "interstate or foreign commerce," or "in activities so closely related to this commerce, as to be considered a part of it," e.g., "regular[] use [of] the mails, telephone or telegraph for interstate communication" or "regular[] travel across State lines while

working." 29 C.F.R. § 779.103.  Activities that simply "affect or indirectly relate to interstate commerce" are insufficient.  *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943).  As a basic rule, "if [Plaintiff] did not have any contact with out-of-state customers or businesses, he cannot be individually covered under the FLSA." *Yang Li v. Ya Yi Cheng*, No. 10-CV-4664, 2012 WL 1004852, at *4 (E.D.N.Y. Mar. 23, 2012).

Plaintiff does not even allege that he was individually covered.  *See* Compl. ¶ 97.  And, even if he had, Defendants again point the Court to the absence of any evidence to support such a basis for FLSA coverage here.  Defs. Mem. at 5-6.  Plaintiff has again chosen to place no evidence before the Court on this point.  Therefore, because Defendants have shown that the absence of employee coverage is not genuinely disputed, the Court dismisses Plaintiff's FLSA claim.

### V.    STATE LAW CLAIMS

Having dismissed all of Plaintiff's claims arising under federal law pursuant to 28 U.S.C. § 1331, the Court must examine whether there is any other basis for jurisdiction.  The Court concludes that it cannot exercise diversity jurisdiction over this action.  Plaintiff avers that he is a resident of New York.  Compl. ¶ 15.  And each of the company Defendants are alleged (perhaps incorrectly since they are limited liability companies) to be a "corporation organized and existing under the laws of the State of New York."  *See* Compl. ¶¶ 19-36.  Each is alleged to have a central office in New York.  *Id.*  Plaintiff has not alleged the membership of the limited liability company Defendants, and has otherwise asserted that they are organized and operated from New York.  As a result, the Court cannot conclude that diversity of citizenship exists.  Where, as here, complete diversity of citizenship does not exist, the Court cannot exercise diversity jurisdiction.  *E.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 82 (2005) ("Since *Strawbridge v. Curtiss*, 3 Cranch 267 (1806), this Court

has read the statutory formulation "between . . . citizens of different States," 28 U.S.C. § 1332(a)(1), to require complete diversity between all plaintiffs and all defendants.").

When a district court has original jurisdiction over claims in a case, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy under Article III.'" *F5 Capital v. Pappas*, 856 F.3d 61, 77 (2d Cir. 2017) (quoting 28 U.S.C. § 1367(a)); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("Pendent jurisdiction . . . exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority,' and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" (quoting U.S. Const. art. III, § 2))). Claims are considered "'part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)). For purposes of this decision, the Court assumes, without deciding, that the remaining state law claims form part of the same case or controversy as the federal claims that have been dismissed by the Court.

The decision to exercise supplemental jurisdiction over a state law claim is by nature discretionary. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). Where claims satisfy the "same case or controversy" test under 28 U.S.C. § 1367(a), however, "the discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c)." *Shahriar*, 659 F.3d at 245 (quoting *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998)). Subsection 1367(c) permits a court to decline to exercise supplemental jurisdiction if:

8

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Here, subsection (3) applies because the Court has dismissed all of the claims over which it had original jurisdiction. Therefore, the Court may decline to exercise its discretion to decline supplemental jurisdiction over the remaining state law claims.

Even "where at least one of the subsection 1367(c) factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in *Gibbs*, 383 U.S. at 726: economy, convenience, fairness, and comity." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004). Both the Second Circuit and the Supreme Court have "held that when the federal claims are dismissed the 'state claims should be dismissed as well.'" *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). "Although this is not a mandatory rule, the Supreme Court has stated that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine-judicial economy, convenience, fairness and comity-will point toward declining jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)). This is the usual case: the Court has evaluated the values articulated in *Gibbs* in the context of this case and has concluded that they support the Court's decision to decline supplemental jurisdiction.

This conclusion is particularly compelling here, given that Plaintiff has demonstrated his disinterest in pursuing this litigation. It is not efficient for the Court to decide issues that are not

9

being litigated. Resolution of the state-law claims in state court will avoid "needless decisions of state law" by this Court, which promotes the interests of comity and justice. *Moran v. Tryax Realty Mgmt., Inc.*, No. 15-cv-08570, 2016 WL 3023326, at *3 (S.D.N.Y. May 23, 2016) (quoting *Gibbs*, 383 U.S. at 726). Declining to exercise supplemental jurisdiction will not be unfair. To the contrary, by declining supplemental jurisdiction over the state law claims, the Court preserves Plaintiff's opportunity to file similar claims in state court in the future.

Although the exercise of supplemental jurisdiction is discretionary, an analysis of the relevant factors in the usual case "will point toward declining jurisdiction over the remaining state-law claims." *In re Merrill Lynch*, 154 F.3d at 61 (citing *Cohill*, 484 U.S. at 350 n.7). So too here. Having considered the factors articulated in *Gibbs*, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

## VI.  CONCLUSION

Defendants' motion for summary judgment is granted in part. The Court dismisses Plaintiff's FLSA claims with prejudice, and dismisses his state law claims without prejudice. The Clerk of Court is directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated: March 19, 2019  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge